UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

HORIZON WEST CONDOMINIUM
HOMES ASSOCIATION, INC., DR.
BENJAMIN CHUDY, KIPP KENNEDY,
FRAN O'HERRON, ALLAN TURKAL,
TOM STARK, HOLLY BERRY AND
ROBERT BERRY, PATRICIA ESPOSITO,
ALVIN PULCIVER AND GERALDINE
PULCIFER, CHRIS KURPIEL, RANDY
LIJEWSKI AND KATHY LIJEWSKI, IONE
KOHLER, SCOTT HASTREITER AND
ELIZABETH HASTREITER, TRINA
LUDWIG, BRIAN LUDWIG, LAURA
PETERSON AND THERESA LAMACK,
CARLOS BERGIN, LINA VENCI AND
ROLLY VENCI, ROBERT KREINZ,
TONYA NIESKES, JOAN CAVE,
VIRGINIA CLASEN, DOROTHY THIELE,
MICHAEL HANSEN, KAREN DUNAJSKI,
JOHN TANKERSLEY, STEVE PIKE,
LINDA KOCONIS, JAMES ROTH, on their
own behalf and on behalf of all others
similarly situated,

Case No. 22-cv-00597

   Plaintiffs,

v.

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT,

   Defendant.

___

## NOTICE OF REMOVAL

  Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant The Travelers Indemnity Company of Connecticut erroneously identified in the Complaint as Travelers Indemnity Company of Connecticut ("Travelers") hereby removes to this Court the action captioned as *Horizon West*

*Condominium Homes Association, Inc., et. al. v. Travelers Indemnity Company of Connecticut*, Case No. 2022CV000562 on the docket of the Circuit Court of Waukesha County, Wisconsin.

In support of its Notice of Removal, Travelers respectfully alleges that:

1. On or about April 18, 2022, Plaintiff Horizon West Condominium Homes Association, Inc. ("Horizon West") as well as numerous named individuals commenced the captioned action by filing a Complaint in the Circuit Court of Waukesha County, Wisconsin. A copy of all process, pleadings, orders and other papers served on Travelers in the state court action is attached as **Exhibit 1** hereto.

2. The Amended Summons and the Amended Complaint were served on Travelers on April 21, 2022. This Notice of Removal is being filed within 30 days of service of process, and is therefore, timely under 28 U.S.C. § 1446(b).

3. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because Plaintiffs and Travelers are citizens of different states, and the amount in controversy with respect to each of the named Plaintiffs' claims exceeds $75,000, exclusive of interest and costs. Even if some of the claims of the named Plaintiffs or putative class members have an amount in controversy less than $75,000, this Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. § 1367. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).

4. Venue in this Court is proper under 28 U.S.C. § 1441(a) as this Court is in the federal district court for the same county as the Circuit Court for Waukesha County. Thus, this Court "embrac[es] the place where such action is pending." 28 U.S.C. § 1441(a).

## PARTIES

5. Plaintiff Horizon West is a non-stock Wisconsin corporation organized under Wisconsin law with its principal place of business located at 315 North West Avenue, Unit 100,

Waukesha, Wisconsin 53186 (**Exhibit 1**, Amended Complaint, ¶1). The remaining named individual Plaintiffs are all alleged to be citizens of Wisconsin with the exception of two; one who is a citizen of North Carolina and another who is a citizen of Florida (**Exhibit 1**, Amended Complaint ¶2-32). They are all alleged to have owned a unit at the Horizon West Condominium Homes building that is the subject matter of the Amended Complaint. *Id.*

6. The Amended Complaint names Travelers who issued the insurance policy to Horizon West that is identified in Paragraph 33 of the Amended Complaint (Policy No. I-660-1H585672-TCT-21) and is the subject of Plaintiffs' claims. Travelers is an insurance company organized under the laws of Connecticut with its principal place of business in Hartford, Connecticut. Travelers is not a citizen of any state other than Connecticut.

## PLAINTIFF'S ALLEGATIONS[1]

7. Plaintiffs seek coverage for alleged property damage to their building due to the City of Waukesha's issuance of a December 2, 2021 evacuation order followed by a January 3, 2022 Raze Order based on findings that the building "was in imminent threat of collapse due to compromised steel structure; significant degradation of structural components throughout the building . . ." (¶38-53). Plaintiffs seek coverage under Travelers' Policy No. I-660-1H585672-TCT-21 (the "Policy"), which is incorporated by reference in the Amended Complaint (**Exhibit 1**, Amended Complaint, ¶¶ 33, 45). A certified copy of the Policy is attached at **Exhibit 2** hereto.

8. Plaintiffs are pursuing causes of action under the following counts: (i) Breach of Contract; and (ii) Insurance Bad Faith (*see id.*, ¶¶ 57, 67–69, 70–85).

---

[1] Travelers does not admit the underlying facts as alleged by Plaintiffs or as summarized herein. Travelers expressly denies any liability to Plaintiffs or the putative class. Travelers reserves its rights to challenge the legal sufficiency of the allegations in the Amended Complaint.

9. Plaintiffs also seek to bring this action as a class action under Wis. Stats. ¶803.08. (*Id*., ¶ 56.) The Amended Complaint seeks certification of the following proposed class:

> All persons, and their eligible spouses and dependents, who own a condominium unit at the Horizon West Condominium Homes Association, Inc. (*Id*.)

## TRADITIONAL DIVERSITY JURISDICTION

10. Removal is proper under 28 U.S.C. § 1332(a) because all Plaintiffs and Travelers are citizens of different states, and the amount in controversy on each Plaintiff's individual claims exceeds $75,000.

**A.  Complete Diversity of Citizenship Exists Between Plaintiffs and Defendant**

11. Plaintiff Horizon West is a Wisconsin non-stock corporation (**Exhibit 1**, Amended Complaint, ¶ 1). For purposes of diversity jurisdiction, the citizenship of a corporation is where it is incorporated and has its principal place of business, both of which are Wisconsin. 28 U.S.C. § 1332(c)(1).

12. The remaining individual named Plaintiffs are all residents of Wisconsin, North Carolina or Florida (**Exhibit 1**, Amended Complaint, ¶¶ 2-32).

13. Travelers is a citizen of Connecticut, where it is incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, there is complete diversity of citizenship between Plaintiff and Defendant.

**B.  Each Individual Plaintiff's Amount in Controversy Exceeds $75,000**

14. Under 28 U.S.C. § 1332, diversity jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee Basin Operating Co. v. Owens,* 135 S. Ct. 547, 554 (2014), and if contested, a court will determine whether the threshold is met by a preponderance of the evidence.

*Id.* at 553. The removing defendant need only establish the amount in controversy by good faith estimate that is "plausible and adequately supported." *Schutte v. Ciox Health, LLC*, 2021 WL 5754515, at *2 (ED Wis., December 3, 2021).

15. The amount in controversy for each Plaintiff's individual claims exceeds $75,000. Plaintiffs allege that each individual is "a homeowner of the condominium units at Horizon West which were all lost as a result of the structural instability of the building." (**Exhibit 1**, Amended Complaint ¶58). Plaintiffs further allege that claims have been made by both Horizon West and individual unit owners in the amount of the $17,023,172.00 policy limits which is the replacement of the building" (**Exhibit 1**, Amended Complaint ¶46).

16. Plaintiffs all seek a judgment "for not less than $17+ million" (**Exhibit 1**, Amended Complaint Wherefore ¶).

17. The condominium homes at issue consist of 49 units, with percentage interests ranging from 1.94% to 2.14%. If the $17,023,172.00 policy limit claimed in the Amended Complaint were divided according to the percentage interests set forth in the condominium documents, the amount sought with respect to each unit on the breach of contract claim alone would be in excess of $330,000. Even if this amount were divided between spouses that co-own a unit in some instances, the amount in controversy with respect to the breach of contract claim for each spouse would exceed $165,000.

18. On the bad faith claim, Plaintiffs also seek actual attorney's fees, punitive damages, the costs and disbursements of this action (**Exhibit 1**, Amended Complaint, ¶¶ 71). Alleged punitive and exemplary damages may be considered in determining the amount in controversy. *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 855 (7th Cir. 2022). These allegations further demonstrate that the amount in controversy on Plaintiffs' individual claims readily exceed

$75,000.

19. Given that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) over all or at least some of the named Plaintiffs' individual claims, even if some of the claims of named Plaintiffs or putative class members have an amount in controversy less than $75,000, this Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. § 1367. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("Once one plaintiff satisfies the amount-in-controversy requirement for diversity jurisdiction, the other plaintiffs come in under the court's supplemental jurisdiction regardless of whether their individual claims satisfy the requirements of § 1332.").

## REMOVAL PROCEDURE

20. Travelers has filed this Notice of Removal with this Court, has served a copy of the Notice of Removal upon counsel for Plaintiffs and will promptly file a copy of this Notice of Removal in the Circuit Court for Waukesha County pursuant to 28 U.S.C. § 1446(d). A copy of the Circuit Court for Waukesha County docket sheet for the matter removed to this Court, as of May 18, 2022, is attached as **Exhibit 3** hereto.

21. By filing this Notice, Travelers does not waive, and expressly reserves, all rights, defenses, and objections of any nature that Travelers may have against Plaintiffs' claims.

Respectfully submitted,

/s/ Michele A. Chapnick
MICHELE A. CHAPNICK (P48716)
GLEN HOWARD PICKOVER (SBW # 1074191)
**GREGORY, MEYER & CHAPNICK, P.C.**
340 E. Big Beaver Road, Ste. 520
Troy, MI 48083
(248) 689-3920/(248) 689-4560 -Fax
mchapnick@gregorylaw.com

Dated: May 19, 2022                *Attorneys for Defendant Travelers*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing Notice of Removal was served by electronic mail and by first class U.S. mail, postage pre-paid, on May 19, 2022 to:

Michael J. Ganzer
**Terschan, Steinle, Hodan**
**& Ganzer LTD.**
309 North Water Street, Suite 215
Milwaukee, WI 53202
mike@tshglaw.com

*Attorneys For Plaintiffs*

and via efiling on May 19, 2022 to:
Waukesha County Circuit Court

/s/ Michele A. Chapnick
MICHELE A. CHAPNICK (P48716)
**GREGORY, MEYER & CHAPNICK, P.C.**
340 E. Big Beaver Road, Ste. 520
Troy, MI 48083
(248) 689-3920/(248) 689-4560 -Fax
mchapnick@gregorylaw.com